REGAN, Judge.
Plaintiff, Anthony B. Zanca, the owner and operator of an International “stake body” truck, instituted this suit against the defendant, T. S. C. Motor Freight Lines, Inc. endeavoring to recover the sum of $487.69 for property damage and $150 for rental of a truck for seven days to replace his vehicle, all of which were incurred on August 28th, 1950, at 10:00 p. m., in consequence of a collision on U. S. Highway 90, about two miles west of Bayou Des Allemands or about six miles on the New Orleans side of Raceland, with a White Tractor truck and trailer, owned by T. S. C. Motor Freight Lines, Inc. and negligently operated by its employee, Edwin Broussard.
Defendant answered and denied that it was guilty of any negligence in the premises and averred that the accident was caused solely by the negligence exemplified by the plaintiff; in the alternative defendant pleaded plaintiff’s contributory negligence.
There was judgment in the court, a qua, in favor of plaintiff in the amount prayed for, $637.89, hence this appeal by defendant.
The mechanics of this litigation reflect that the defendant, T. S. C. Motor Freight Lines, Inc. in lieu of reconvening in this suit for the damages incurred to its truck and trailer as a result of the foregoing collision, chose to litigate as plaintiff in a separate suit entitled T. S. C. Motor Freight Lines, Inc., v. Zanca, La.App., 59 So.2d 484. In that case the trial court rendered a judgment in favor of Zanca, the defendant therein, dismissing the suit of T. S. C. Motor Freight Lines, Inc. and Midwestern Insurance Company. Plaintiffs have appealed.
These cases were consolidated in the court, a qua, to facilitate the trial thereof. Both suits are identical, involving the same parties plaintiff (with the exception of Midwestern Insurance Company) and defendant, each endeavoring to recover property damage incurred in the same accident. Our opinion herein will, of necessity, encompass the issues involved in both suits.
*484 The record, as usual, is embellished with irreconcilable disputations ad infinitum and reveals two versions of the accident, which are fundamentally antagonistic to each other.
There were only two eyewitnesses to the accident, the plaintiff and Broussard, the driver of defendant’s truck.
Plaintiff contends that he was operating his vehicle, in the direction of New Orleans, at a speed of between twenty-five and thirty miles an hour; that as he approached Bridge No. 5, which is approximately fifty-nine feet long, he observed the lights of defendant’s truck approaching from the opposite direction at a fast rate of speed; when he had reached the New Orleans end of the bridge his truck was struck on the left front fender and then sideswiped by defendant’s truck and trailer; the truck and trailer continued on towards its right side of the roadway and then both the truck and trailer simultaneously turned over on their right sides about 150 feet on the Raceland side of the bridge and that both ultimately faced in the direction of New Orleans.
Broussard, the driver of the defendant’s truck, testified that he was driving at a speed of about forty miles per hour in the direction of Raceland and that after his vehicle had entered the bridge it was struck by the plaintiff’s truck on the left rear or “pulling wheel of the tractor” and the front of the trailer.
We have made a careful analysis of the record and are, therefore, convinced that the proximate cause of the accident is exemplified by Broussard’s negligence, the operator of defendant’s truck, in not reducing the speed of his vehicle as he approached this bridge, which plaintiff had preempted, especially in view of the fact that Broussard was or should have been fully cognizant that his left rear tractor wheel protruded several inches into the roadway beyond the side of the tractor, which was the initial point of impact between the vehicles, even though the bumper or cattle guard is the same width as the rear tractor wheels.
The record does not reflect one scintilla of evidence to prove that plaintiff was guilty of any contributory negligence.
Counsel for both litigants concede that only a question of fact was presented to us on appeal which the trial judge resolved in favor of plaintiff. Our careful evaluation of the testimony contained in the record fails to disclose any reason, factual or otherwise, which would lead us to believe that the judgment of the trial court was incorrect.
Plaintiff has adequately proven the damages which he sustained in the amount of $■637.89.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
REDMANN, Judge ad ho'c, sitting.
McBRIDE, J. absent, takes no part.